IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SANDISK CORPORATION,                    No C-01-4063 VRW

       Plaintiff,                       ORDER

   v

MEMOREX PRODUCTS, INC, et al,

       Defendants.

------------------------------------/

       Defendant Pretec Electronics Corporation ("Pretec") moves the court for summary judgment of non-infringement. Pretec Mot (Doc # 322). Defendant Memorex Products, Inc ("Memorex") moves to join Pretec's motion for summary judgment. Memorex Mot (Doc # 330). According to the analysis below, the court GRANTS in part and DENIES in part Pretec's motion for summary judgment. The court declines, at this time, to rule on Memorex's motion to join Pretec's motion for summary judgment.

//
//
//

I

SanDisk owns United States Patent No 5,602,987 (the "'987 patent").  See Order (Doc # 318) at 4-6.  Claims 1 and 10 of the '987 patent cover a method for using electronically erasable programmable read only memory ("EEPROM").  EEPROM memory is often used in devices such as digital cameras.

In the court's September 30, 2003, order, the court limited its claim construction to two terms in claims 1 and 10 because further claim construction was unnecessary in considering the concurrently filed motion by defendant Ritek Corporation ("Ritek") for summary judgment of non-infringement.  Id at 11-12.  The court construed claims 1 and 10 to require the following: "Each non-volatile memory sector contained within an array of non-volatile floating gate memory cells must include at least one user data portion and one overhead portion."  Id at 16.  Because the court concluded that not all of the memory sectors in Ritek's products were partitioned into at least one user data portion and one overhead portion, the court granted Ritek's motion for summary judgment of non-infringement.  Id at 33-37.

Defendants Pretec and Memorex moved to join Ritek's motion for summary judgment.  Doc # 236.  The court denied Pretec and Memorex's motion because Pretec and Memorex did not provide the court with a factual basis to conclude that their products contained at least one memory sector partitioned into only an overhead portion.  Order (Doc # 318) at 3-4.  Indeed, Pretec and Memorex provided no evidence at all.  The court held that "[i]f Memorex and Pretec seek to move for summary judgment,

2

they must do so by filing a duly noticed motion accompanied by affidavits that describe their individual products."  Id at 4.

At a December 2, 2004, case management conference, the court considered whether to enter judgment in favor of Ritek to allow SanDisk to file an interlocutory appeal.  Minute Order (Doc # 321).  Pretec and Memorex disagreed with this course of action because they wished to file motions for summary judgment before the case was appealed.  The court declined to enter judgment at that time and required Pretec and Memorex to bring any dispositive motions no later than January 29, 2004.  Id. Pretec filed the present motion for summary judgment of non-infringement in a timely manner.  Pretec Mot (Doc # 322). Memorex filed its motion to join Pretec's motion soon thereafter.  Memorex Mot (Doc # 330).

## II

### A

Pretec moves the court for summary judgment of non-infringement on two grounds.  First, Pretec presents facts demonstrating that their products include, within the memory array, non-volatile memory sectors that contain only overhead portions.  Tseng Decl (Doc # 323) at ¶ 4.  In the September 30, 2003, order, the court construed claims 1 and 10 to mean that "[e]ach non-volatile memory sector contained within an array of non-volatile floating gate memory cells must include at least one user data portion and one overhead portion."  Order (Doc # 318) at 16.  Accordingly, Pretec's products do not practice the claimed invention.

3

United States District Court
For the Northern District of California

1   SanDisk does not substantively oppose this ground of
2  Pretec's motion.  Instead, SanDisk insinuates that Pretec's
3  motion on this ground is improper because it does not raise a
4  "new non-infringement argument[]."  Pl Opp (Doc # 336) at 3-4.
5  The court is unpersuaded by SanDisk's protestation.  At the
6  December 2, 2003, case management conference, SanDisk requested
7  that the court stay the claims against Pretec and Memorex while
8  SanDisk appealed the court's order granting summary judgment in
9  favor of Ritek.  SanDisk represented that if the court's order
10 were affirmed, SanDisk would agree to enter judgment in favor of
11 Pretec and Memorex.  Ladra Decl (Doc # 337) at ¶ 2.  But such a
12 course of action was understandably unappealing to Pretec and
13 Memorex.  Allowing immediate appeal in favor of Ritek alone
14 would have barred Pretec and Memorex from participating in the
15 appeal.  The court thus rejected SanDisk's argument at the
16 December 2, 2003, case management conference and again rejects
17 it here.
18         Accordingly, the court GRANTS summary judgment of
19 non-infringement in favor of Pretec on the above-mentioned
20 ground.
21
22                                B
23         Memorex moves to join Pretec's motion for summary
24 judgment.  Memorex Mot (Doc # 330).  Memorex argues that a
25 decision granting summary judgment of non-infringement in favor
26 of Pretec also requires the court to grant summary judgment in
27 favor of Memorex because "the accused flash memory cards, which
28 Memorex is alleged in the Complaint to have marketed and sold,

4

are Pretec flash memory cards that Memorex purchased from Pretec and C-One Corporation." Memorex Mot (Doc # 330) at 1.  The court would agree with Memorex that summary judgment in Memorex's favor is warranted if the quoted statement in the prior sentence were made in a declaration or other form of admissible evidence.  See FRCP 56(e).  But the court finds Memorex's motion to join in a motion for summary judgment must again be denied because the factual basis of Memorex's request is insufficient.

Memorex provides the declaration of Michael Golacinski, who declares:

> Memorex purchased all of the products accused of infringement by SanDisk in the Complaint from C-One Corporation and Pretec Electronics.

Golacinski Decl (Doc # 332) at ¶ 6.  The declaration reiterates the claim that Memorex purchased flash memory cards from C-One Corporation and Pretec.  The declaration omits, however, the crucial fact stated in Memorex's moving papers, namely that the products purchased from C-One Corporation and Pretec Electronics "<u>are Pretec flash memory cards</u>."  Memorex Mot (Doc # 330) at 1 (emphasis added).  Presumably, Memorex purchased Pretec flash memory cards from Pretec, but the court is not willing to infer the same for the unknown entity, C-One Corporation.  Instead, Memorex must provide evidence, not merely a statement by an attorney, that the Memorex products accused of infringement are Pretec flash memory cards or are otherwise non-infringing flash memory cards.  Because Memorex's failure appears to be a mere error in drafting the Golacinski declaration, Memorex is given leave to file a supplemental declaration no later than April 30,

5

2004, to accompany its present motion to join Pretec's motion for summary judgment.  Accordingly, the court declines, at this time, to rule on Memorex's current motion to join Pretec's motion for summary judgment (Doc # 330).

### III

Pretec also moves the court to grant summary judgment of non-infringement based on a construction of the word "corresponds" in claims 1 and 10 of the patent.  Pretec Mot (Doc # 322) at 5-12.

SanDisk argues that Pretec's current motion is improper because claim construction in the above-captioned case is closed.  SanDisk Opp (Doc # 336) at 4-5; see FRCP 16; Patent LR 4.  SanDisk and Ritek submitted a joint claim construction statement on August 2, 2002 (Doc # 116), and claim construction briefing in September 2002 (Doc ## 136, 148).  Due to serious problems involving counsel for Pretec and Memorex, the court allowed substitution of counsel and an extension of time within which to file further claim construction briefing.  See Doc # 225 at 2-6; Doc # 240.  After retaining new counsel, Pretec and Memorex filed a notice of joinder (Doc # 242) in the joint claim construction statement filed by SanDisk and Ritek.  Pretec and Memorex raised no new issues in the notice of joinder.  As mentioned above, on September 30, 2003, the court issued its combined claim construction and summary judgment order, limiting its claim construction to only two terms.  Order (Doc # 318).

Pretec contends that its present motion does not require further claim construction because the motion is based

**6**

merely on the dictionary definition of the term "corresponds." Pretec Reply (Doc # 343) at 2-3. For this proposition, Pretec cites <u>Texas Digital Systems, Inc v Telegenix, Inc</u>, 308 F3d 1193, 1202-04 (Fed Cir 2002). Pretec Reply (Doc # 343) at 3 n6. Even though the <u>Texas Digital Systems</u> court discusses the ability to use dictionaries "at any stage of the litigation," the court does so under a heading titled "The Contours of Claim Construction" and in a discussion of the district court's <u>Markman</u> order. 308 F3d at 1202. The court finds, therefore, that <u>Texas Digital Systems</u> provides no support for Pretec's contention that the application of a dictionary definition does not constitute claim construction. Further, the construction of the term "corresponds" is not as straightforward as Pretec claims and the construction of the term "corresponds" is not undisputed.

     The court agrees with SanDisk that Pretec is advancing a new claim construction argument after the close of claim construction briefing. Because the court narrowly limited its claim construction in the September 30, 2003, order, additional claim construction by the court is not necessarily barred. If Pretec were asking the court to consider claim construction arguments raised in the joint claim construction statement, Pretec's motion would not necessarily be improper. But Pretec's proposed construction of the word "corresponds" was not raised in the joint claim construction statement. Because Pretec had an opportunity to raise new issues but chose, instead, to rely solely on the issues raised by SanDisk and Ritek in the joint claim construction statement, the court finds it appropriate to

bar Pretec from raising a new claim construction argument at this stage of the litigation.

Further, the court finds that such additional claim construction is improper because Ritek is no longer participating substantively in the litigation at the district court level.  Pursuant to the court's direction, Ritek did not attend the December 2, 2003, case management conference.  See Order (Doc # 318) at 38.  It is unclear to the court whether Ritek would seek to join Pretec's present motion.  Even so, Ritek would be prejudiced by not being given the opportunity to present its views on Pretec's proposed construction of the term "corresponds."

Accordingly, the court DENIES Pretec's second ground for summary judgment (Doc # 322).

IV

SanDisk moves the court to strike the declaration of Pretec's expert Vivek Subramanian.  SanDisk Mot (Doc # 339). SanDisk claims that the other parties in the above-captioned case were not given notice that Subramanian would be accessing confidential information as required by the protective order in this case.  Id.  Pretec's counsel admits that he inadvertently failed to send to all parties for their approval an agreement to be bound by the protective order that was signed by Subramanian on November 25, 2002.  Letter, Ron Finley, February 13, 2004 (Doc # 347, Exh A).

The court DENIES SanDisk's motion to strike Subramanian's declaration because the motion is irrelevant.

8

Subramanian's declaration is material only to Pretec's second ground for summary judgment based on the construction of the term "corresponds." Because the court denies Pretec's second ground for procedural reasons, the court need not consider Subramanian's declaration.

SanDisk also seeks sanctions. SanDisk moves the court "to order Mr. Subramanian to return any and all 'Confidential' or 'Highly Confidential — Attorneys' Eyes Only' materials designated by SanDisk." SanDisk Mot (Doc # 339) at 4. Pretec opposes this sanction first because the confidential information that SanDisk claims was disclosed improperly to Subramanian is Ritek's proprietary information and that Pretec has obtained Ritek's permission to allow Subramanian to access its proprietary information for purposes of this litigation. See Letter, Charles Sanders, Feb 19, 2004 (Doc # 347, Exh B). Subramanian also claims that he did not review any attachments marked confidential or highly confidential, although he did review the March 21, 2003, declaration of Marcian Hoff. Subramanian Decl (Doc # 346) at ¶ 3. Accordingly, the court is unpersuaded that the sanctions SanDisk seeks are appropriate and, therefore, DENIES SanDisk's motion for sanctions.

V

In sum, the court GRANTS in part and DENIES in part Pretec's motion for summary judgment (Doc # 322). The court declines, at the present time, to rule on Memorex's motion to join (Doc # 330) Pretec's motion for summary judgment. Memorex may file a supplemental declaration no later than April 30,

1  2004.  The court DENIES SanDisk's motion to strike and for
2  sanctions (Doc # 339).

4          IT IS SO ORDERED.

6          Date: <u>4/20/2004</u>            /S/
                                     **VAUGHN R WALKER**
7                                    **United States District Judge**