IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDISK CORP,<br><br>　　　　Plaintiff,<br><br>　　　　v<br><br>MEMOREX PRODUCTS, INC, et al,<br><br>　　　　Defendants.<br>_____/ | No   C 01-4063 VRW<br><br>ORDER |

　　　　The law firm of Mount & Stoelker, PC, moves for leave to withdraw as counsel for defendant Pretec Electronics Corp. Doc #409.  Counsel declares as follows:

　　　　Mount & Stoelker recommended to Pretec "a course of defense that requires a certain minimum expenditure."  But "Pretec has indicated that is unwilling to accept its attorneys' advice as to the level of effort required to defend the case."  Doc #410 (Duggan Decl) ¶4.  Further, "Mount & Stoelker has an agreement with Pretect whereby Mount & Stoelker is to be paid each month for services rendered, but Pretec has not made its agreed payments." Id ¶5.  Finally, "Mount & Stoelker has informed Pretec of its

intent to file" the present motion. Id ¶6.

Pursuant to Civ L R 3-9(b), a corporation "or other such entity may appear only through a member of the bar of this [c]ourt." Indeed, "[i]t has been the law for the better part of two centuries" that "a corporation may appear in the federal courts only through licensed counsel." Rowland v California Men's Colony, 506 US 194, 201-02 (1993) (citing cases). Further, if Pretec proceeds without counsel, it risks entry of default judgment. See, for example, Daewoo Electronics Corp of America, Inc v Western Auto Supply Company, 975 F2d 474, 476 (8th Cir 1992).

Counsel has provided no explanation why the motion to withdraw is not accompanied by simultaneous appearance of substitute counsel. Mount & Stoelker's motion is DENIED WITHOUT PREJUDICE to a renewed motion after Pretec has secured substitute counsel or some showing that Pretec refuses to engage new counsel. Cf Civ L R 11-5(b). Counsel is ORDERED to serve a copy of this order upon Pretec's chief executive officer.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge